```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

RODERICK PRINCE,                    :
                                    :
        Plaintiff,                  :
                                    :
vs.                                 :   CIVIL ACTION 08-00092-CG-B
                                    :
CITY OF SELMA, ALABAMA,             :
*et al.,*                           :
                                    :
        Defendants.                 :

## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate pursuant to 28 U.S.C. § 636(b)(1)(A), is before the court on Plaintiff Roderick Prince's Motion to Transfer Case to Dallas County, Alabama (Doc. 13), Defendants' response (Doc. 14), and Plaintiff's reply (Doc. 15). The undersigned conducted a hearing on July 23, 2008, with counsel for the parties in attendance. At the conference, counsel for Plaintiff clarified that Plaintiff is seeking to dismiss the federal claims from his lawsuit, and wants to proceed only on his state law claims. Counsel for Defendants advised the Court that Defendants have no objection to the dismissal as long as it is with prejudice. Counsel for Plaintiff agreed that the dismissal is to be with prejudice. Counsel for the parties further agreed that in light of the dismissal of the federal claims, this action should be remanded back to the Circuit Court of Dallas County.

Based upon the agreement of the parties, the undersigned finds

that Plaintiff Roderick Prince's federal claims should be dismissed with prejudice, and this case should be **REMANDED** to the Circuit Court of Dallas County, Alabama.  28 U.S.C. § 1447(c); E.g., <u>Cook ex rel Estate of Tessier v. Sheriff of Monroe County, Fla.</u>, 402 F.3d 1092, 1123 (11th Cir. 2005)("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to exercise supplemental jurisdiction, [the] remaining claim should be remanded to state court."). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's federal claims be dismissed, with prejudice, and that Plaintiff's Motion to remand this case to the Circuit Court of Dallas, County, Alabama, be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **23rd** day of **July, 2008.**

>       **/s/ SONJA F. BIVINS**
> **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 6
36(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are

adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**